UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DUANE TURNER, | No. 2:15-cv-1584 DB |
| Plaintiff, | |
| v. | ORDER |
| B. JOHNSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.  On screening, the previously-assigned magistrate judge found plaintiff stated cognizable claims under the First Amendment for retaliation against defendants Brennon and Johnson.  (ECF No. 21.)  Before the court is plaintiff's motion to amend the complaint and for an extension of time to conduct discovery.  (ECF No. 25.)

Pursuant to Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend his complaint once "as a matter of course" before an answer is filed.  No answer has been filed in this action.  Accordingly, plaintiff need not seek leave of court and may file an amended complaint.

Because plaintiff has provided the court with summons documents for defendants Brennon and Johnson, but the Marshall's Office has not yet been ordered to serve those defendants, the court finds it necessary to set a deadline for the filing of any amended complaint.  If plaintiff does

////

1

not file an amended complaint in a timely manner, this case will proceed on the original complaint. Plaintiff will be provided thirty days to file an amended complaint.

Plaintiff is advised that the allegations of that amended complaint must clearly identify how each defendant's alleged misconduct resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). In other words, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 369 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. Of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to his previously-filed complaint in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

With respect to plaintiff's request for an extension of time to conduct discovery, it is premature. Discovery does not begin until after defendants have appeared in this action by answering the complaint. See Williams v. Dept. of Motor Veh., No. CIV-S-08-2348 LKK EFB P, 2009 WL 3246990, at *2 (E.D. Cal. Oct. 7, 2009); Williams v. Ramirez, No. CIV S-06-2151 WBS DAD P, 2008 WL 2875361, at *1 (E.D. Cal. July 23, 2008).

Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion to Amend the Complaint (ECF No. 25) is dismissed as unnecessary;

2. Plaintiff may file any amended complaint within thirty days of this order; and

////

3. Plaintiff's motion for an extension of time for discovery (ECF No. 25) is denied as premature.

Dated:  January 5, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/turn1584.mta